UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL DUANE STRAIN
    Reg. No. 17685-046

    Petitioner,
v.                                      Case No. 4:23-cv-26/MW/MAL

WARDEN S'MA'AT/FILIPE
MARTINEZ JR.

    Respondent.
_____/

**ORDER, and AMENDED REPORT AND RECOMMENDATION**

On March 27, 2023, the undersigned recommended this case be dismissed for Petitioner's failure to prosecute or failure to comply with an order of the court. ECF No. 5. Petitioner has now filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6), amended petition pursuant to 28 U.S.C. § 2241 (ECF No. 7), and an untitled pleading the clerk docketed as a "letter" (ECF No. 8). The previous recommendation is hereby vacated and this recommendation is entered in its place.

Petitioner, a federal prisoner who is currently incarcerated at Oakdale Federal Correctional Institution, initiated this case by filing a typed document titled "Habeaus Corpus Hearing" which the clerk docketed as a § 2241 petition on January 17, 2023. ECF No. 1. On January 23, 2023, the undersigned entered an order

Page 1 of 5

directing Petitioner to pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* and to file an amended petition on the proper court form along with two service copies thereof. ECF No. 3. The order advised Petitioner that the amended petition should be complete in and of itself, and it must not refer to or attempt to incorporate his original submission. *Id.* at 2. Petitioner was instructed to comply on or before February 23, 2023, and he was warned that failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case. *Id.* That deadline elapsed without a response from Petitioner, and Petitioner also failed to timely respond to the Court's order to show cause. ECF No. 4. Therefore, on March 27, 2023, the Court recommended that this case be dismissed without prejudice due to Petitioner's failure to prosecute and to comply with an order of the Court. On April 5, the Court received Petitioner's Motion to Proceed *In Forma Pauperis* and an amended § 2241 petition.

Petitioner's *in forma pauperis* motion, dated March 20, 2023, may be considered timely filed pursuant to the prison mailbox rule. However, it does not include all the requisite documentation, specifically "a print-out reflecting all transactions in my inmate bank account for the full six (6) month period of time preceding the filing of this petition." ECF No. 6 at 3. Therefore, the motion must be denied.

Petitioner's amended habeas petition is dated March 24, 2023, and thus is not timely. Even if the Court accepts the petition as timely filed, it does not state a claim for habeas relief and is subject to dismissal on that basis.

The amended petition names twenty respondents. The only proper respondent in a habeas action is the individual having custody over Petitioner, typically the warden of the institution where he is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2005) (explaining that in habeas cases "the default rule is that the proper respondent is the warden of the facility where the prisoner is being housed"); *see also Walter v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (recognizing that "the proper respondent to a § 2241 habeas corpus petition is the custodian of the prisoner").

Substantively, there is no apparent basis for a habeas action or any relief. Where Petitioner is required to check a box indicating what the petition concerns, he indicates "subject matte (sic) jurisdiction." ECF No. 7 at 2. He indicates he raised only a single ground for relief, merely stating "I'm sovereign." *Id.* at 3. The section where Petitioner is to provide supporting facts reads: "Apostlle (sic), No R000619009, Notice of Abatement, Declaration of Identification, Affidavit of Facts." *Id.* There are no attachments to the amended petition. To the extent such documents can be identified among the attachments to the original petition and

Petitioner improperly attempts to incorporate them into the amended petition, none provide any apparent basis for § 2241 relief. Furthermore, Petitioner has not responded to the final question on the petition form where he is asked to indicate the relief sought. *Id.* at 6. Therefore, the amended petition should be dismissed. The "letter" the clerk received from Petitioner on April 10, 2023 does not change this conclusion.

Accordingly, it is **ORDERED**:

1. The Court's recommendation dated March 27, 2023 (ECF No. 5) is **VACATED** and this Recommendation is entered in its place.

2. Petitioner's Motion to Proceed *In Forma Pauperis* (ECF No. 6) is **DENIED.**

And it is respectfully **RECOMMENDED**:

1. Petitioner's amended petition under 28 U.S.C. § 2241 (ECF No. 7) be **DENIED and DISMISSED**.

2. The clerk be directed to close the case file.

At Gainesville, Florida on April 18, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.